

| Judicial Links | eFiling | Help | Contact Us | Print | Logon |

## 2022-CC10445 - KIZZY WAFFORD V CIRCLE K STORES INC ET AL (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

Sort Date Entries: ● Descending ○ Ascending    Display Options: All Entries

| | |
|---|---|
| **01/04/2021** | **Corporation Served** |
| | Document ID - 20-SMCC-16251; Served To - CIRCLE K STORES INC; Server - ; Served Date - 18-DEC-20; Served Time - 08:00:00; Service Type - Sheriff Department; Reason Description - Served |
| | **Corporation Served** |
| | Document ID - 20-SMCC-16252; Served To - MACS CONVENIENCE STORES, LLC; Server - ; Served Date - 18-DEC-20; Served Time - 08:00:00; Service Type - Sheriff Department; Reason Description - Served |
| **12/28/2020** | **Jury Trial Scheduled** |
| |     Scheduled For: 06/14/2021; 9:00 AM ; MICHAEL FRANCIS STELZER; City of St. Louis |
| **12/07/2020** | **Summons Issued-Circuit** |
| | Document ID: 20-SMCC-16252, for MACS CONVENIENCE STORES, LLC. |
| | **Summons Issued-Circuit** |
| | Document ID: 20-SMCC-16251, for CIRCLE K STORES INC. |
| | **Filing Info Sheet eFiling** |
| |     **Filed By:** DOUGLAS BRIAN PONDER |
| | **Pet Filed in Circuit Ct** |
| | Petition for Damages. |
| |     **Filed By:** DOUGLAS BRIAN PONDER |
| |     **On Behalf Of:** KIZZY WAFFORD |
| | **Judge Assigned** |

Case.net Version 5.14.12     Return to Top of Page     Released 11/10/2020

**EXHIBIT A**

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| **KIZZY WAFFORD**, | ) | |
| | ) | |
| PLAINTIFF, | ) | Cause No. _____ |
| | ) | |
| v. | ) | Division No. _____ |
| | ) | |
| **CIRCLE K STORES, INC.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| SERVE: | ) | |
| CORPORATION SERVICE COMPANY | ) | |
| 221 BOLIVAR STREET | ) | |
| JEFFERSON CITY, MO 65101 | ) | |
| | ) | |
| **MAC'S CONVENIENCE STORES LLC** | ) | |
| | ) | |
| SERVE: | ) | |
| CORPORATION SERVICE COMPANY | ) | |
| 221 BOLIVAR STREET | ) | |
| JEFFERSON CITY, MO 65101 | ) | |
| | ) | |
| **JOHN DOE BUSINESS ENTITY** | ) | |
| | ) | |
| SERVE: | ) | |
| HOLD SERVICE | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**PETITION FOR DAMAGES**

COMES NOW Plaintiff and for her Petition for Damages states:

**Nature of Action**

1. This action is brought pursuant to the Missouri Human Rights Act ("MHRA").

**Parties**

2. Plaintiff is an adult African-American female and a citizen of the State of Missouri.

1

3. Defendant Circle K Stores, Inc. is a foreign corporation authorized to do business in the State of Missouri.

4. Defendant Mac's Convenience Stores LLC is a foreign limited liability company authorized to do business in the State of Missouri.

5. Defendant John Doe Business Entity is a currently unidentified business entity.

6. At all times relevant herein, Defendant Circle K Stores, Inc. was an employer under the MHRA.

7. At all times relevant herein, Defendant Mac's Convenience Stores LLC was an employer under the MHRA.

8. At all times relevant herein, Defendant John Doe Business Entity was an employer under the MHRA.

## Procedural Prerequisites

9. On August 8, 2019, Plaintiff submitted a charge of discrimination with the EEOC and the Missouri Commission on Human Rights Commission ("MCHR") (through dual filing), wherein Plaintiff alleged discrimination against her based on retaliation, sex, and race.

10. On September 21, 2020, the MCHR issued its Notice of Right to Sue, and Plaintiff instituted this action within 90 days of her receipt of the Notice of Right to Sue.

## Factual Allegations

11. Plaintiff is an adult African-American female.

12. In April, 2018, Plaintiff began working at the Circle K convenience store located at 1514 Hampton Avenue, St. Louis, MO as a cashier.

Electronically Filed - City of St. Louis - December 07, 2020 - 11:38 AM

Electronically Filed - City of St. Louis - December 07, 2020 - 11:38 AM

13. Defendant Circle K Stores, Inc. operated the Circle K store located at 1514 Hampton Avenue such that Plaintiff was an employee of Defendant Circle K Stores, Inc.

14. Defendant Mac's Convenience Stores LLC operated the Circle K store located at 1514 Hampton Avenue such that Plaintiff was an employee of Defendant Mac's Convenience Stores LLC.

15. Defendant John Doe Business Entity operated the Circle K store located at 1514 Hampton Avenue such that Plaintiff was an employee of Defendant John Doe Business Entity.

16. At the time, Plaintiff also worked for Subway.

17. Plaintiff was told by the District Manager, Greg, that she could move up to Assistant Manager and, consequently, shortly after Plaintiff began working at Circle K she left her job at Subway to focus on her job with Circle K.

18. Plaintiff's Store Manager, Kristen (female Caucasian), did not support Plaintiff becoming an assistant manager and refused to train Plaintiff, instead training two male associates for the position.

19. Only when both males quit was Plaintiff finally promoted to Assistant Manager; however, even then Kristen refused to provide Plaintiff the necessary training.

20. On or about January 3, 2019, Plaintiff told the HR office that she believed Kristen was discriminating against her.

21. The next day, Kristin seemed angry with Plaintiff.

22. In addition, the District Manager, Greg, was also in the store and he seemed angry with Plaintiff as well.

23. On March 22, 2019, Plaintiff was fired for a pre-textual reason.

## Count I – Retaliation Against Circle K Stores, Inc.

24. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

25. Plaintiff opposed discrimination as described above.

26. Plaintiff had a reasonable belief she was being discriminated against.

27. Defendant took adverse employment action against Plaintiff when it terminated her.

28. Plaintiff's opposition to discrimination was a motivating factor to the adverse employment action taken against her.

29. Plaintiff was damaged as a result of the adverse employment action taken against her.

30. Defendant's conduct as set forth above was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally discriminated against Plaintiff without just cause or excuse in violation of the MHRA.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

## Count II – Gender Discrimination Against Circle K Stores, Inc.

31. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

32. Plaintiff is female, and therefore is a member of a protected group.

33. Defendant took adverse employment action against Plaintiff when it terminated her.

34. Plaintiff's sex/gender was a motivating factor to the adverse employment action taken against her.

35. Plaintiff was damaged as a result of the adverse employment action taken against her.

36. Defendant's conduct as set forth above was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally discriminated against Plaintiff without just cause or excuse in violation of the MHRA.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

**Count III – Race Discrimination Against Circle K Stores, Inc.**

37. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

38. Plaintiff is African-American, and she is therefore a member of a protected group.

39. Defendant took adverse employment action against Plaintiff when it terminated her.

40. Plaintiff's race was a motivating factor to the adverse employment action taken against her.

5

41. Plaintiff was damaged as a result of the adverse employment action taken against her.

42. Defendant's conduct as set forth above was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally discriminated against Plaintiff without just cause or excuse in violation of the MHRA.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

### Count IV – Retaliation Against Mac's Convenience Stores LLC

43. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

44. Plaintiff opposed discrimination as described above.

45. Plaintiff had a reasonable belief she was being discriminated against.

46. Defendant took adverse employment action against Plaintiff when it terminated her.

47. Plaintiff's opposition to discrimination was a motivating factor to the adverse employment action taken against her.

48. Plaintiff was damaged as a result of the adverse employment action taken against her.

49. Defendant's conduct as set forth above was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally discriminated against Plaintiff without just cause or excuse in violation of the MHRA.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

**Count V – Gender Discrimination Against Mac's Convenience Stores LLC**

50. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

51. Plaintiff is female, and therefore is a member of a protected group.

52. Defendant took adverse employment action against Plaintiff when it terminated her.

53. Plaintiff's sex/gender was a motivating factor to the adverse employment action taken against her.

54. Plaintiff was damaged as a result of the adverse employment action taken against her.

55. Defendant's conduct as set forth above was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally discriminated against Plaintiff without just cause or excuse in violation of the MHRA.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

**Count VI – Race Discrimination Against Mac's Convenience Stores LLC**

56. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

57. Plaintiff is African-American, and she is therefore a member of a protected group.

58. Defendant took adverse employment action against Plaintiff when it terminated her.

59. Plaintiff's race was a motivating factor to the adverse employment action taken against her.

60. Plaintiff was damaged as a result of the adverse employment action taken against her.

61. Defendant's conduct as set forth above was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally discriminated against Plaintiff without just cause or excuse in violation of the MHRA.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

### Count VII – Retaliation Against John Doe Business Entity

62. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

63. Plaintiff opposed discrimination as described above.

64. Plaintiff had a reasonable belief she was being discriminated against.

8

65. Defendant took adverse employment action against Plaintiff when it terminated her.

66. Plaintiff's opposition to discrimination was a motivating factor to the adverse employment action taken against her.

67. Plaintiff was damaged as a result of the adverse employment action taken against her.

68. Defendant's conduct as set forth above was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally discriminated against Plaintiff without just cause or excuse in violation of the MHRA.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

**Count VIII – Gender Discrimination Against John Doe Business Entity**

69. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

70. Plaintiff is female, and therefore is a member of a protected group.

71. Defendant took adverse employment action against Plaintiff when it terminated her.

72. Plaintiff's sex/gender was a motivating factor to the adverse employment action taken against her.

73. Plaintiff was damaged as a result of the adverse employment action taken against her.

74. Defendant's conduct as set forth above was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally discriminated against Plaintiff without just cause or excuse in violation of the MHRA.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

### Count IX – Race Discrimination Against John Doe Business Entity

75. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

76. Plaintiff is African-American, and she is therefore a member of a protected group.

77. Defendant took adverse employment action against Plaintiff when it terminated her.

78. Plaintiff's race was a motivating factor to the adverse employment action taken against her.

79. Plaintiff was damaged as a result of the adverse employment action taken against her.

80. Defendant's conduct as set forth above was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally discriminated against Plaintiff without just cause or excuse in violation of the MHRA.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant for damages in excess of $25,000, including both actual and punitive damages, for the

10

Electronically Filed - City of St. Louis - December 07, 2020 - 11:38 AM

costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

        Respectfully submitted,

        PONDER ZIMMERMANN LLC

By    /s/ Douglas B. Ponder
    Douglas Ponder, #54968
    dbp@ponderzimmermann.com
    Jaclyn M. Zimmermann, #57814
    jmz@ponderzimmermann.com
    20 South Sarah Street
    St. Louis, MO  63108
    Phone:    314-272-2630
    FAX:      314-272-2713
    *Attorneys for Plaintiff*

# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number: 2022-CC10445 | |
|---|---|---|
| Plaintiff/Petitioner:<br>KIZZY WAFFORD<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DOUGLAS BRIAN PONDER<br>20 SOUTH SARAH ST<br>ST LOUIS, MO  63108 | |
| Defendant/Respondent:<br>CIRCLE K STORES INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** CIRCLE K STORES INC
**Alias:**
CORPORATION SERVICE COMPANY
221 BOLIVAR STREET
JEFFERSON CITY, MO  65101

COLE COUNTY, MO

*COURT SEAL OF CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

December 7, 2020
_____
Date

_Thomas Kloeppinger_
_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____  _____
Printed Name of Sheriff or Server    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____   _____
                              Date            Notary Public

**Sheriff's Fees, if applicable**
Summons            $_____
Non Est            $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $    10.00
Mileage            $_____  (_____ miles @ $._____ per mile)
Total              $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division: REX M BURLISON | Case Number: 2022-CC10445 | |
|---|---|---|
| Plaintiff/Petitioner: KIZZY WAFFORD | Plaintiff's/Petitioner's Attorney/Address DOUGLAS BRIAN PONDER 20 SOUTH SARAH ST ST LOUIS, MO 63108 | |
| vs. | | |
| Defendant/Respondent: CIRCLE K STORES INC | Court Address: CIVIL COURTS BUILDING 10 N TUCKER BLVD SAINT LOUIS, MO 63101 | |
| Nature of Suit: CC Employmnt Discrmntn 213.111 | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: MACS CONVENIENCE STORES, LLC
Alias:
CORPORATION SERVICE COMPANY
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

COURT SEAL OF
CITY OF ST LOUIS

COLE COUNTY, MO

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

December 7, 2020
_____     _____
Date                        Clerk

*Signature: Thomas Kloeppinger*

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____     _____
                        Date               Notary Public

**Sheriff's Fees, if applicable**
Summons                              $_____
Non Est                              $_____
Sheriff's Deputy Salary
Supplemental Surcharge               $   10.00
Mileage                              $_____ (_____ miles @ $_____ per mile)
Total                                $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number: 2022-CC10445 | **RECEIVED**<br>DEC 17 2020<br>COLE COUNTY<br>SHERIFF'S OFFICE |
|---|---|---|
| Plaintiff/Petitioner:<br>KIZZY WAFFORD | Plaintiff's/Petitioner's Attorney/Address<br>DOUGLAS BRIAN PONDER<br>20 SOUTH SARAH ST<br>ST LOUIS, MO 63108 | **FILED**<br>JAN - 4 2021<br>(Date File Stamp)<br>22ND JUDICIAL CIRCUIT<br>CIRCUIT CLERK'S OFFICE<br>BY _____ DEPUTY |
| vs. | | |
| Defendant/Respondent:<br>CIRCLE K STORES INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | |

## Summons in Civil Case

The State of Missouri to: MACS CONVENIENCE STORES, LLC
Alias:
CORPORATION SERVICE COMPANY
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

COLE COUNTY, MO

COURT SEAL OF
CITY OF ST LOUIS

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

December 7, 2020                                   _Thomas Kloeppinger_
_____                                _____
      Date                                              Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☑ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
Corporation Service Company, SL (name) designee (title).
☐ other: _____.

Served at 350 E. High _____ (address)
in Cole _____ (County/City of St. Louis), MO, on 12-18-2020 (date) at 800 (time).

Sheriff John P Wheeler          By Sgt Aimee Wray
Printed Name of Sheriff or Server    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____ _____
                            Date        Notary Public

**Sheriff's Fees, if applicable**
Summons              $_____
Non Est              $_____
Sheriff's Deputy Salary
Supplemental Surcharge $   10.00
Mileage              $_____ (____ miles @ $.____ per mile)
Total                $_____

#2936
30a

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**ENTERED**
JAN - 5 2021

OSCA (06-18) SM30 (SMCC) For Court Use Only: Document Id # 20-SMCC-16252    1 of 1   CS   Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| **Judge or Division:** REX M BURLISON | **Case Number:** 2022-CC10445 |
| **Plaintiff/Petitioner:** KIZZY WAFFORD | **Plaintiff's/Petitioner's Attorney/Address** DOUGLAS BRIAN PONDER<br>20 SOUTH SARAH ST<br>ST LOUIS, MO 63108 |
| vs. | |
| **Defendant/Respondent:** CIRCLE K STORES INC | **Court Address:** CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 |
| **Nature of Suit:** CC Employmnt Discrmntn 213.111 | |

**RECEIVED DEC 17 2020 COLE COUNTY SHERIFF'S OFFICE**

**FILED JAN - 4 2021 22ND JUDICIAL CIRCUIT CIRCUIT CLERK'S OFFICE (Date File Stamp) BY _____ DEPUTY**

## Summons in Civil Case

The State of Missouri to: CIRCLE K STORES INC
Alias:
CORPORATION SERVICE COMPANY
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

COLE COUNTY, MO

*COURT SEAL OF CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

December 7, 2020                                  *Thomas Kloeppinger*
_____                    _____
Date                                                         Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: Corporation Service Company, S.L. (name) designee (title).
☐ other: _____

Served at 350 E. High St. _____ (address)
in Cole _____ (County/City of St. Louis), MO, on 12-18-2020 (date) at 800A (time).

Sheriff John P Wheeler    By  Sgt Aimee Wray
Printed Name of Sheriff or Server        Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____
                                    Date                           Notary Public

**Sheriff's Fees, if applicable**
Summons                                    $_____
Non Est                                         $_____
Sheriff's Deputy Salary
Supplemental Surcharge         $ 10.00
Mileage                                        $_____ (____ miles @ $_____ per mile)
Total                                            $_____

$23.36

A copy of the summons and a copy of the petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.